22071. HORTON v. HORTON.

SUBMITTED JUNE 10, 1963—DECIDED JULY 3, 1963.

*Romae L. Turner*, for plaintiff in error.
*George C. Mitchell*, contra.

GRICE, Justice. The issue is whether credit for Social Security disability payments for the benefit of his children should be given a father in determining his compliance with a decree requiring him to make payments for the support of his children. This issue emanates from a proceeding filed by Fletcher Horton against his former wife Cora Mae Horton in the Superior Court of Fulton County in which he sought cessation of support payments to their older child who, he alleged, had become self-supporting and also an accounting for Social Security disability benefits paid to such former wife for their children. By a decree

of February 1, 1956, the marriage of the parties was dissolved and the father ordered to pay to the mother a specified amount weekly for the support of their two children until each child became self-supporting, married or reached majority.

From the evidence at the hearing it appeared that the older child was gainfully employed. It further appeared that the father, in February, 1958, became totally and permanently disabled and had not since worked; and that in addition to his support payments under the divorce decree, his former wife had, since his disability, received a total of $1,394.70 in Social Security benefits for the children, none of which she credited toward the father's obligation under the decree.

The trial court entered judgment relieving the father from further support payments for the older child but ruling that he was not entitled to an accounting as to the Social Security disability benefit payments nor to any credit for such payments toward his support obligation under the decree. Error is assigned upon such denial of accounting and credit in that judgment and upon denial of his motion for new trial upon the general grounds.

The legal issue now before us is one of first impression for the reviewing courts of this State.

Social Security disability payments represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act. 42 U.S.C. § 301 et seq. These payments are for the purpose of replacing income lost because of the employee's inability to work upon becoming disabled. Thus, these payments substitute for income. Since the amount of alimony required to be paid is determined largely by income, we see no reason why, in discharging the obligation to pay the alimony, Social Security disability benefits should not be credited.

This question, but with reference to retirement rather than disability benefits, was passed on in Cash v. Cash, (Ark.) 353 SW2d 348 (1962). There, it was held that such payments, received for the benefit of a child after his father had retired at age 65 pursuant to a mandatory policy of the employer, relieved the father to that extent of his obligation to make periodic sup-

port payments for the child. In doing so the court pointed out that "Social Security payments made by the Federal Government to the dependent son were earned in part by the [father] himself and are not altogether a gift from the Federal Government."

The most similar situation which this court has had for decision was in *Brooks v. Brooks,* 204 Ga. 412 (49 SE2d 881), one justice not participating. It was there held that the full amount of payments received for the children under an allotment made by the former husband pursuant to the Serviceman's Dependent's Act should be credited toward liquidation of the alimony decree.

In view of the foregoing, we deem erroneous the denial of accounting and credit to the father as to the Social Security disability payments for his children here. Accordingly, such provision of the trial court's judgment upon the petition for accounting and the denial of the motion for new trial are

*Reversed. All the Justices concur.*