## 34011. KIGHT v. KIGHT.

MARSHALL, Justice.

The appellee former wife filed this contempt action against the appellant former husband, alleging that he had failed to make certain child support payments required of him under the parties' 1975 divorce decree. The divorce decree requires the husband to pay the wife $25 per week per child for the support of the parties' two minor children, as well as all medical expenses reasonably incurred by the wife for the benefit of the children.

The trial court ruled that the appellant was in contempt of court for having failed to reimburse the appellee for $246.19 in medical expenses reasonably incurred on behalf of the parties' children; however, the court found that the contempt was not wilful. The trial court permitted the appellant to purge himself of contempt by paying the appellee $25 per week. The

appellant was also ordered to pay the appellee $125 as attorney fees for the prosecution of this contempt action.

The former husband appeals, arguing that the trial court erred in adjudging him to be in contempt and ordering him to pay the former wife's attorney fees, since the court expressly found that his failure to make these child-support payments was not wilful. The appellant also argues that the trial court erred in not crediting against his liability for child-support payments, social security benefits received by the former wife on behalf of the children. *Held:*

1. The parties' divorce decree requires the appellant to pay the appellee medical expenses reasonably incurred on behalf of the parties' minor children. The appellee proved at the hearing below that she had reasonably incurred $246.19 in medical bills on behalf of the children which the appellant had refused to pay. Therefore, the trial court did not err in holding the appellant in contempt for failure to pay these sums and in allowing him to purge himself of the contempt by satisfying these child-support obligations in $25 weekly installments.

2. The trial court was authorized to award attorney fees to the appellee, even though the appellant's failure to pay the medical bills did not rise to the level of wilful contempt of the divorce decree.

The grant of attorney fees in actions for contempt of court which arise out of an alimony case is within the sound discretion of the trial court. Code Ann. § 30-202.1 (Ga. L. 1967, p. 591; 1976, pp. 1017, 1018). Those provisions of Code Ann. § 30-219 which purport to control the trial judge's discretion in these matters have been repealed by implication by the recent amendment to Code Ann. § 30-202.1 (Ga. L. 1967, p. 591; 1976, pp. 1017, 1018; 1977, p. 312). See *Evans v. Evans,* 242 Ga. 57 (247 SE2d 857) (1978); *Swinson v. Swinson,* 242 Ga. 305 (2) (1978). Therefore, even though the husband's failure to make the child-support payments required of him under the divorce decree may not have been wilful, thereby raising the possibility that he had a "justifiable reason" within the meaning of Code Ann. § 30-219 for failing to pay those sums, the trial court was still authorized in its discretion

to award the former wife attorney fees incurred by her in bringing the contempt action. Under the circumstances of this case, we find no abuse of discretion in the attorney fee award.

3. Finally, the appellant argues that in determining his liability for child-support payments, he should be given credit for social security benefits received by the wife for the benefit of one of the parties' minor children, who is mentally retarded. As authority for this argument, the appellant cites *Horton v. Horton,* 219 Ga. 177 (132 SE2d 200) (1963), wherein this court held that social security disability payments, which are received by the wife for the support of the minor children by reason of the fact that the former husband has become disabled, should reduce pro tanto the husband's liability for child support.

Although the wife's receipt of the social security benefits might constitute grounds for the husband's obtaining a future modification of the alimony provisions of the parties' divorce decree, either on a discretionary basis under Code Ann. § 30-220 or as a matter of right under *Horton v. Horton,* supra, until the parties' divorce decree is so modified it remains a valid judgment binding on the parties and enforceable according to its terms. See Code § 110-501; *Allen v. Withrow,* 215 Ga. 388 (110 SE2d 663) (1959). It necessarily follows that the trial court did not err in failing to order the husband's liability for child-support payments, which have already become due, to be reduced by the amount of social security benefits received by the wife. Furthermore, a counterclaim by the husband seeking an alimony modification in this contempt action would not lie. *McNeal v. McNeal,* 233 Ga. 836 (213 SE2d 845) (1975).

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

SUBMITTED SEPTEMBER 8, 1978 — DECIDED NOVEMBER 21, 1978.

*J. Laddie Boatright, Elsie H. Griner,* for appellant. Joyce Powell Kight, *pro se.*