## 36171. PERTEET v. SUMNER.

Jordan, Presiding Justice.

This is an appeal by the appellant from an order refusing to hold her ex-husband in contempt of court.

The Sumners were divorced in 1973 with an alimony award of $600 per month to the appellant and $600 per month child support. In March 1979, the appellant instituted contempt proceedings against appellee, alleging that he was in contempt for failure to pay an arrearage of $9,000 in child support.

The husband defended by showing that counting social security benefits the appellant had received for the children based on his disability due to an injury in 1975, he had more than satisfied his child support payments by approximately $5,000.

The trial court agreed, holding that the husband was entitled to credit for the social security payments against his liability for child support and found him not in wilful contempt of the decree. We granted the ex-wife's application for discretionary appeal.

We affirm. The trial court relied on the case of *Horton v. Horton,* 219 Ga. 177 (132 SE2d 200) (1963) which clearly stands for the proposition that social security disability payments received by the mother for the benefit of the children should be credited toward the father's obligation under an alimony decree. One of the prime purposes of the Social Security Act is to provide a means for a disabled worker to meet his obligations during a period of disability.

The appellant's contention that the *Horton* decision applies only where the husband seeks a modification of child support payments in the future on the basis of social security benefits is without merit. The husband in *Horton* was not seeking a modification but rather seeking credit for past social security benefits received by the wife on behalf of the children. *Kight v. Kight,* 242 Ga. 563 (250 SE2d 451) (1978) is overruled to the extent that it suggests that the receipt of social security benefits cannot be credited to satisfy a child support obligation under the original decree.

The trial court further held that even if social security payments were not a valid credit against appellee's liability under the divorce decree, the appellee "has not wilfully and intentionally violated the decree of the court, and that he is not in contempt of court." Under all the facts of this case we cannot say that the trial court abused its broad discretion in failing to hold the appellee in wilful contempt. *Crowder v. Crowder,* 236 Ga. 612 (225 SE2d 16) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 25, 1980 — DECIDED JULY 16, 1980,

*Fortson, Bentley & Griffin, Herbert T. Hutto,* for appellant.
*Harben & Hartley, Sam S. Harben, Jr.,* for appellee.