0500

Billie JUSTICE, Respondent, v. Betty SCRUGGS (formerly known as Betty Justice), Appellant.

(332 S. E. (2d) 106)

Court of Appeals

*Richard M. Nichols* and *George T. Sink*, Charleston, *for appellant.*

*W. Robert Kinard* and *William L. Runyon, Jr.*, North Charleston, *for respondent.*

Heard April 16, 1985.

Decided June 17, 1985.

SHAW, Judge:

Respondent Billie Justice petitioned the family court to decrease, and appellant Betty Scruggs counterclaimed to increase, his child support payments. The court decreased the payments. We affirm.

Mr. Justice and Mrs. Scruggs were married in 1956 and divorced in 1977. They have two children, one born in 1970, the other in 1974. Mrs. Scruggs has custody.

At the time of the divorce hearing, Mr. Justice was earning $110 per week driving a taxi and $347 per month from military retirement. Mrs. Scruggs was earning $105 per week. The court ordered Mr. Justice to pay $300 per month child support. At the time of the petition and counterclaim hearing, Mr. Justice received approximately $1,000 in social security and retirement benefits. Mrs. Scruggs receives a total of $324 in social security benefits on behalf of the children as a result of Mr. Justice being disabled. She and her new husband have stopped working.

The court found Mr. Justice's disability benefits were relevant to the issue of child support, and his poor health constituted a change in circumstances warranting a modification of the original award. The court concluded the award should be decreased to $100 per month.

First Mrs. Scruggs argues Mr. Justice's social security disability benefits she receives for the children are irrelevant to the issue of his child support obligations.

This is a novel question in South Carolina. We hold a parent is entitled to credit on his child support payments for disability benefits paid for the support of the children. We adopt the reasoning of the Supreme Court of Georgia.

Social security disability payments represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act. 42 U. S. C. § 301 *et seq.* These payments are for the purpose of replacing income lost because of the employee's inability to work upon becoming disabled. Thus, these payments substitute for income. Since the amount of alimony required to be paid is determined largely by income, we see no reason why, in discharging the obligation to pay the alimony, social security disability benefits should not be credited.

*Horton v. Horton,* 219 Ga. 177, 132 S. E. (2d) 200, 201 (1963). *See also Perteet v. Sumner,* 246 Ga. 182, 269 S. E. (2d) 453, 454 (1980) (extending *Horton* to child support); *Cohen v. Murphy,* 368 Mass. 144, 330 N.E. (2d) 473, 77 A. L. R. (3d) 1310 (Mass. 1975).

Next Mrs. Scruggs argues changed circumstances do not warrant the modification of Mr. Justice's child support obligations.

"A child support award is subject to continuing review and may be modified by the court if evidence is produced showing a sufficient change of conditions warrants a modification." *Perkins v. Parkins,* 279 S. C. 508, 309 S. E. (2d) 784, 787 (Ct. App. 1983). Since the award was first set in this case, Mr. Justice's physician advised him to stop work because of his congestive heart condition and high blood pressure. We hold this disability constitutes a sufficient change of circumstances to warrant the modification of a child support award.

Finally Mrs. Scruggs argues the court abused its discretion in decreasing Mr. Justice's child support obligations to $100 per month.

"The amount of child support to be awarded by the court is within the sound discretion of the trial judge whose decision will not be disturbed on appeal unless an abuse of discretion is shown." *Perkins,* 309 S. E. (2d) at 786-787. Mr. Justice was originally ordered to pay $300 per month as child support; his children are now receiving $424 per month which is a net increase of $124 since the divorce hearing.

Although there was some evidence of additional needs of the children, under the circumstances we hold the amount of child support awarded by the court is not an abuse of discretion.

Affirmed.

SANDERS, C. J., and BELL, J., concur.