[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION FOR MODIFICATION OF CHILD SUPPORT PENDENTE LITE (#126)
The plaintiff mother, who commenced this action for dissolution of marriage, will continue to be custodial parent of two minor children ages 10 and 8. The father will move from the family home and become the non-custodial parent. The defendant, who is totally disabled, receives $1,053 monthly in social security disability benefits, his wife receives $175 monthly in benefits and the children receive a total of $350 monthly in social security benefits. The plaintiff is employed and her net disposable earnings are $240 weekly from her employment.
The issue presented to the court is the determination of how the social security benefits shall be handled in calculating the CT Page 8400 child support due the custodial parent after giving consideration to the social security disability payments. The plaintiff claims such payments should not be used to reduce the defendant's obligation but should be added to the combined income. The defendant claims that, under the guidelines, after his amount of support is determined, he is entitled to a credit of $81 weekly which the children receive directly from social security.
The Connecticut Child Support Guidelines were adopted to assure children of adequate financial support, Turner v. Turner,219 Conn. 703, 713-16 (1991).
"[T]he prevailing view of most jurisdictions in the United States [is] that government benefits in the form of social security for child support may be credited against the parent's liability under the decree or agreement of settlement." Board v. Board, 690 S.W.2d 380, 381 (Ky. 1985). See e.g. Newman v. Newman,451 N.W.2d 843 (Iowa 1990); Guthmiller v. Guthmiller, 448 N.W.2d 643
(N.D. 1989); Perteet v. Sumner, 269 S.E.2d 453 (Ga. 1980); McClaskey v. McClaskey, 543 S.W.2d 832 (Mo.Ct.App. 1976). See also 77 A.L.R.3d 1315. "The rationale underlying this view is that such payments are not gratuities but were earned by the wage earner during his period of employment and that they constitute in effect insurance payments substituting for lost earning power." Guthmiller, supra, 647, quoting Potter v. Potter, 404 A.2d 352,356 (N.J. Ct. App. 1979). Following these cases defendant should be entitled to a credit toward his support obligations in the amount received by the children on his behalf.
Plaintiff protests that this is unfair, as plaintiff's share will be ten times what defendant pays out of his own pocket, and that such a result constitutes a deviation from the support guidelines which can only be done in exceptional circumstances.
The plaintiff is correct that Favrow v. Vargas, 222 Conn. 699
(1992), holds that a court has limited discretion in deviating from the guidelines, and may not do so solely because of the non-custodial parent's high expenses. Id., 714 (parents must adjust expenses to meet support obligations, not vice versa). This, however, is irrelevant, for there will be no deviation from the guidelines.[1] Defendant will be responsible for the full amount mandated by the guidelines, but will receive a credit. If, for example, the benefits received by the children decreased from $81 to $71 per week, defendant would be responsible for the extra $10 out of his own pocket. The children will receive, on the father's behalf, the full amount mandated by the guidelines.[2]
Furthermore, it is not unfair for defendant to receive the benefit of these payments as he "has paid in advance for these benefits over the years (albeit mandatorily), they should be CT Page 8401 recognized as the fruits of his labor." Children Youth Services v. Chorgo, 491 A.2d 1374, 1377 (Pa.Super. 1985). Additionally, "since the child will still receive the same amount of support which the court has decided he should have, it does not matter to that party that the obligor is given credit." Id. thus, defendant in the instant case, after his obligation is determined pursuant to the guidelines, should be given a credit of $81 per week.
The court concludes that the proper way to calculate the child support guidelines is as follows:
The plaintiff's net disposable earnings are $240 weekly. She also receives $41 weekly in social security disability benefits as the spouse, a total of $281 weekly. The defendant receives $245 weekly in social security disability benefits. The total combined net disposable income being received by both parents is $526. The guidelines schedule of basic child support provides $215 for two children under 12 years of age. The defendant's share is $46.6% or $100. The defendant is entitled to credit for $81 being paid from his social security account for the support of his two dependent children. Therefore, his net child support obligation becomes $19 weekly. This last amount is so ordered and a wage withholding is also ordered.
Harrigan, J.