23828

Mary Ellen LOVETT, Appellant v.
Wayne Douglas LOVETT, Respondent.

(428 S.E. (2d) 874)

Supreme Court

*Jean P. Derrick*, Lexington, *for appellant.*

*Kenneth M. Mathews*, Columbia, *for respondent.*

Heard February 3, 1993.

Decided March 22, 1993.

CHANDLER, Justice:

In this action for separate maintenance and support, Mary Ellen Lovett (Wife/Mother) appeals an order which (1) reduced the child support obligation of Respondent Wayne Lovett (Husband) by the amount of Social Security benefits received by children, and (2) failed to require Husband to pay uninsured medical expenses of the children.

We reverse in part; affirm in part.

## FACTS

Husband and Wife were married in 1971; they have two children, ages 17 and 14. Wife, totally disabled, receives $648 per month Social Security Disability benefits; children receive $324 per month Social Security benefits, awarded by reason of their Mother's disability. Husband earns $2,160 per month.

Wife instituted this action for separate maintenance and support in September, 1990. Husband was ordered to pay $100 alimony per month and maintain health insurance on the children at a cost of $75 per month. Additionally, Husband's child support obligation was set at $535.92 per month, which Family court reduced by the $75 per month insurance premium and the $324 per month Social Security benefit received by children. Accordingly, Husband's monthly expenditure for child support was reduced to $146.92.[1] Family Court declined to order that Husband pay for children's uninsured medical and dental expenses.

## ISSUES

1. Should Husband's child support obligation be reduced by the amount of Social Security benefits received by children?
2. Should Husband be required to pay for children's medical/dental expenses which are not covered by insurance?

---

[1] This figure, if calculated correctly, would have been $136.92.

## DISCUSSION

### I. *Child Support*

Wife contends Husband was not entitled to offset his support obligation by the amount of Social Security benefits awarded children as a result of *her* disability. We agree.

The purpose of Social Security disability payments received by children as a result of a parent's disability was stated in *Justice v. Scruggs*, 286 S.C. 165, 167, 332 S.E. (2d) 106, 107-108 (Ct. App. 1985):

> Social Security disability payments represent money which an employee has earned during his employment and also that which his employer has paid for his benefit into a common trust fund under the Social Security Act. 42 U.S.C. § 301 *et seq. These payments are for the purpose of replacing income lost because of the employee's inability to work upon becoming disabled. Thus, these payments substitute for income.* ( Emphasis supplied.)

[Citing *Horton v. Horton*, 219 Ga. 177, 132 S.E. (2d) 200, 201 (1963). See also *Perteet v. Sumner*, 246 Ga. 182, 269 S.E. (2d) 453, 454 (1980) (extending *Horton* to child support); *Cohene v. Murphy*, 368 Mass. 144, 330 N.E. (2d) 473, 77 A.L.R. (3d) 1310 (Mass. 1975)]. Virtually every jurisdiction which has addressed the issue holds that such benefits operate as an offset in favor of a *disabled* parent only. *See generally Annot.* 77 A.L.R. (3d) 1315, § 5[a] at p. 1328.

We find no basis for allowing Husband, who suffers no disability whatsoever, an offset or credit for the children's $324 Social Security benefits.

These benefits represent a substitute for Mother's loss of earning power; they should not be considered income to her. We reverse so much of the Order as allowed Husband to offset the Social Security benefits.[2]

---

[2] Adding the $324 per month to Mother's income alters the percentage of child support required to be borne by each party. We have attached as Exhibit "A" a Child Support Obligation worksheet setting forth their respective support obligations. Wife conceded, at oral argument before this Court, that Husband was entitled to deduct his $100 per month alimony payment from his income.

## II. *Uninsured Medical Expenses*

Wife next asserts error in Family Court's refusal to require that Husband pay medical or dental expenses of the children not otherwise covered by insurance.

As the Child Support Guidelines specifically include health care costs, we find no abuse of discretion in Family Court's ruling.

Moreover, should children suffer any *extraordinary* medical expenses, which are not contemplated by the guidelines, Wife may petition for additional support based upon a change of condition. *Moseley v. Mosier*, 279 S.C. 348, 306 S.E. (2d) 624 (1983).

Reversed in part; affirmed in part.

Harwell, C.J., and Finney, Toal and Moore, J.J., concur.