[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 28, 1994, the court heard oral argument on plaintiff's Motion to Open or Modify Judgment. That portion of the motion which seeks to open the judgment of February 7, 1990, was heard and denied by Judge Norko on January 19, 1993. Only the portion of the motion seeking modification is before the court at this time and, therefore, this decision is limited to that issue.
The parties in this case have two minor children of the marriage, Sara and Shawna, ages six and eight respectively. Financial orders at the time of the dissolution indicated that, by agreement, Plaintiff would pay child support of $300.00 per week for two children. The judgment further states that "this entire agreement is entered into with the full knowledge that the Plaintiff suffers from multiple sclerosis and that his financial obligations as herein set out are dependent with his ability to work." Some time thereafter Plaintiff could not pay the full order because he was unable to work. On July 21, 1992, the court entered a subsequent agreement between the parties that plaintiff pay $200.00 per month in child support, or $47.00 per week. The agreement entered on that date also stated that the parties acknowledged that the children receive Social Security dependents' benefits of about $550.00 per month. On October 6, 1992, another order entered by agreement indicating that Plaintiff be responsible for paying 60% of the costs for medical insurance for the children. The cost of children's insurance is $120.00 per month, or $28.00 per week, and therefore, the Plaintiff's obligation is $78.00 per month or $18.00 per week. The current total effective order is therefore $65.00 per week.
Both Plaintiff and Defendant agree that Plaintiff has been making payments in the amount of $25.00 per week. Defendant argues that there should be no downward modification of the $200.00 per month order for child support and, further, that the October 6, 1992 order for payment of 60% of the medical insurance should be enforced.
Both the July and October 1992 orders contain the following language:
It is acknowledged by the parties that Mr. Morgan's CT Page 2142 medical condition is deteriorating. If expenses related to this condition including but not limited to medical or relocation expenses, increase substantially, it will be considered a substantial change of circumstances warranting a modification.
Mr. Morgan testified that since July of 1992 his physical condition has deteriorated and he has incurred substantial expenses because of that deteriorating condition. He has also incurred relocation expenses. This is further evidence by Schedule A attached to his financial affidavit and a second schedule entitled Additional Schedule, also attached to the financial affidavit. Based on that evidence the court finds that there is a substantial change in circumstances warranting a modification.
Plaintiff's counsel further argues that the Social Security benefits paid to the children should be credited towards the Plaintiff's child support obligations. Defendant's counsel points out that the July 21, 1992 agreement acknowledged that those benefits were being paid to the children and, therefore, the Plaintiff agreed to pay child support in addition to those benefits. That may have been the case at that time. However, Plaintiff's counsel now raises the issue of the appropriateness to grant credit for those Social Security benefits. Following the prevailing view in most jurisdictions as cited in the Connecticut Superior Court case of Fahy v. Fahy,7 CSCR 1111 (October 12, 1992), this court orders that the Defendant be given a credit of $128.00 per week for those payments.
In the July 21, 1992 agreement approved by the court, the parties agreed, in paragraph three, that Defendant was not waiving any arrearage due her on a $5,000.00 lump sum alimony or property division payment. In the instant case she testified that two payments in the amount of $750.00 each had been paid by Plaintiff since the 1990 judgment, leaving an amount of $3,500.00 still owing. Plaintiff did not contest this evidence.
The court, therefore, orders the following: The $128.00 per week Social Security benefits paid to the Plaintiff's children is credited towards his child support obligation. Because of that credit the child support CT Page 2143 obligation shall be ordered at the Child Support Guideline level of $102.00 per week as per Plaintiff's proposed orders, rather than continued at $47.00 per week, the current amount ordered paid in addition to the Social Security benefits. Plaintiff is further ordered to pay 60% of the medical insurance premium of $78.00 per month of $18.00 per week as previously ordered on October 6, 1992, for a total effective order of $121.00 per week. After crediting the $128.00 Social Security benefits toward the property, the remaining $7.00 per week shall be applied toward one-half of the unreimbursed medical expenses for which Plaintiff shall be responsible. Said child support order is retroactive to December 16, 1992.
Plaintiff shall pay the $3,500.00 remaining for the alimony or property division payment at the rate of $50.00 per week. SO ORDERED.
Santos, J.