[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a case of first impression in Connecticut. Judgment of dissolution of the marriage was entered on September 16, 1991. The defendant mother has custody of the two (2) minor children. On March 7, 1994, the court entered an order (based upon an agreement of the parties) modifying the child support obligation of the plaintiff father to $75.00 per week ($37.50 per child) because the plaintiff had become totally disabled and was no longer working. In addition to the $75.00 per week the defendant has been receiving directly on behalf of the children social security benefits due to the plaintiff s disability of $678.00 per month or $157.67 per week. The plaintiff has filed a motion for modification of support claiming that the $157.67 per week should be a credit against his child support obligation. CT Page 667 Defendant has filed a motion for contempt based upon notification by the Social Security Administration that because the plaintiff s present wife gave birth to twins, the dependency benefits to the minor children of the parties of $678 per month will be cut in half with the other half going for the benefit of the twins. As of the date of the hearing on these motions, such reduction had not yet occurred. Accordingly, the motion for contempt is denied.
Defendant has objected to the request for a credit of the dependency benefits on the basis of no Connecticut appellate decisions on that issue. Defendant also claims that there are no Superior Court decisions directly on point. Defendant further objects claiming that if the court should allow a credit, the dependency benefits should be included in the plaintiff s income for calculation of child support under the child support guidelines.
As for the issue of whether a credit should be given to the plaintiff for the dependency benefits, Superior Court judges have granted such credits. Fahy v. Fahy, 7 CSCR 1111, Harrigan, J. (1992) and Bruey v. Bruey, J.D. of Fairfield at Bridgeport, FA 93 0307482, Petroni, J., November 13, 1995. In addition, Judge Harrington stated in Fahy, "[T]he prevailing view of most jurisdictions in the United States [is] that government benefits in the form of social security for child support may be credited against the parent's liability under the decree or agreement of settlement." citations omitted. Morgan v. Morgan, J.D. of Hartford, Santos, J. FA 89-0367586, March 3, 1994 citing Fahy v.Fahy. However, the most compelling reason to give the credit is the Connecticut Child Support Guidelines themselves. See
§ 46b-215a-2. Child Support Guidelines (b)(6) and (7), page 7, which clearly calls for a credit for ". . . the weekly amount of any social security benefits payable under such parent's (non-custodial) account on behalf of the subject child." Accordingly, the plaintiff is permitted to take a credit of $157.67 per week.
As for the claim that said dependency benefits should be included in the plaintiff s gross income for child support guidelines calculations, the answer is not as clear as the issue of credit. There are no appellate decisions in Connecticut, and Superior Court decisions do not specifically address this issue, although in Fahy, supra, it is clear from the calculation that the dependency benefits are not included in the father's gross income. The child support guidelines do not specifically address CT Page 668 whether dependency benefits should be included in gross income. Defendant has cited Graby v. Graby, 87 N.Y.2d 605 (1996) as the only out of state case to support her position. However, there are two Graby cases, one in 1994 and one in 1996 which, to the defendant's credit, have been brought to the court's attention. The first case had a dissenting opinion which was adopted in the 1996 Court of Appeals decision. That second decision held that the New York Child Support Standards Act does not authorize the dependency benefits to either be included in the non-custodial parent's income or to be a credit to his child support payments. The Graby decision of 1996 is, therefore, not helpful to this court. It would appear that the New York Child Support Standards Act is not the same as Connecticut's Child Support Guidelines.
This court concludes that the dependency benefits should not be included in plaintiff s gross income for the following reasons:
 1. Defendant admits that after Fahy, the guidelines were changed to give a non-custodial parent a credit for social security dependency benefits. If the Commission for Child Support Guidelines, which is charged with knowledge of all the guidelines, had chosen to include such benefits specifically in the definition of gross income, it could have done so at the same time it granted the credit. It chose not to do so. Under the rules of statutory construction, the inclusion of some means the exclusion of the other.[1] It was, therefore, not the intent of the Commission to include dependency benefits in gross income. It would have specifically mentioned them if it had intended to include them. The guidelines authorize the credit but not the inclusion in income. It is up to the Commission not the court, to change the guidelines if it deems it appropriate.
 2. The dependency benefits go directly to the children through the mother. The plaintiff never receives or sees such benefits.[2]
The Court hereby orders as follows:
1. The plaintiff may take the social security dependency benefits of $157.67 per week as a credit on his child support obligation. If that amount is reduced, the credit shall be similarly reduced effective upon the actual reduction.
2. Such dependency social security benefits are not to be CT Page 669 included in plaintiff s gross income for child support guidelines calculations.
3. These orders are retroactive to January 13, 1997, the date requested by the plaintiff for the motion for modification to be on the calendar to be heard.
Rittenband, J.