## S98A1628. KOCH v. MARTIN.
(510 SE2d 520)

HUNSTEIN, Justice.

We granted Janet Koch's application for a discretionary appeal to determine whether the trial court was correct in ruling that Koch's former husband, Paul Martin, was entitled to credit against his child support obligation those social security benefits received for his dependent children. Because we conclude that a non-custodial parent's child support obligation imposed under a divorce decree should not be offset by pre-existing social security benefits paid for the benefit of dependent children in those situations where the obligor's disability and associated benefits existed at the time of the decree and where the decree does not specify otherwise, we reverse.

The parties to this appeal were divorced in March 1996. Under the terms of the divorce decree, Martin was responsible for $600 in monthly child support for the parties' one child who now resides with Koch. Martin, who became totally disabled several years prior to the divorce, receives monthly a $3,000 social security disability payment. Martin's child as well as his stepson (Koch's child by a previous marriage who resided with the parties during their marriage) receive monthly dependent social security disability payments. In February 1997 Koch filed a petition for contempt asserting that Martin had failed to honor the terms of his child support obligation required under the divorce decree because he subtracted the dependent social security benefits paid on behalf of his daughter and stepson from his support obligation for his daughter.[1] The trial court refused to hold Martin in contempt of court, ruling that Martin was entitled to credit the monthly dependent disability benefits against his child support obligation.

1. It is well-settled that under certain circumstances, social security disability payments paid for the benefit of a child can be credited toward the court-ordered support obligation of the person from whose account they are paid. *Perteet v. Sumner,* 246 Ga. 182 (269 SE2d 453) (1980); *Horton v. Horton,* 219 Ga. 177 (132 SE2d 200) (1963). A survey of those cases allowing a child support credit against

---

[1] Under the terms of the final judgment and decree Martin was obligated to pay $600 per month child support for his daughter. Martin instead paid $164 child support claiming credit for the combined dependent disability payments of $436.

dependent social security payments reveals that the issue has been decided in the context of a disability that arises subsequent to the time the support obligation begins. Id. The practice of allowing dependent social security benefits to be counted towards child support payments in such cases is not inconsistent with the terms of a support decree entered prior to the disability as it allows the obligor to meet his or her financial obligations of raising a child in the face of an unexpected disability and furthers "[o]ne of the prime purposes of the Social Security Act [ ] to provide a means for a disabled worker to meet his obligations during a period of disability." *Perteet v. Sumner*, supra at 182.

Martin's situation is easily distinguished. At the time of the entry of his divorce decree Martin was already disabled and receiving social security income benefits. The record establishes that the existence of Martin's $3,000 monthly disability income, not the dependent social security disability payments to his daughter and stepson, served as the basis for the child support obligation imposed under the decree.[2] That the combination of child support and social security dependent benefits exceeds the statutory guideline percentage does not violate any public policy of this State. See *Kendrick v. Childers*, 267 Ga. 98 (2) (475 SE2d 604) (1996). Given that the children were receiving the social security benefits prior to the settlement agreement yet the parties did not make any special provisions regarding the receipt of these monies, we conclude that Martin was not justified in discounting his child support obligation by a collateral source not contemplated in the agreement.

2. Based upon the conclusion reached in Division 1, we need not address our second question whether Martin was entitled to take as credit against his support obligation the dependent social security benefit payable on behalf of his stepson.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

*Grogan, Jones, Rumer & Gunby, Lee R. Grogan,* for appellant.
*James A. Elkins, Jr.,* for appellee.

---

[2] The percentage of child support imposed was within the statutory support guidelines set forth at OCGA § 19-6-15.