S07A0971. SCARBOROUGH v. SCARBOROUGH.
(651 SE2d 42)

MELTON, Justice.

We granted a discretionary appeal in this case to consider whether, in the absence of any provision in the parties' settlement

---

agreement and divorce decree incorporating the terms of that settlement, a non-custodial parent is entitled to a credit against his or her child support obligation for social security retirement benefits which become payable directly to his or her children at some time following the execution of the settlement agreement. For the reasons set forth below, we find that a non-custodial parent is entitled to a credit in this situation and reverse the holding of the trial court to the contrary.

The record shows that, on May 4, 2001, Charles Dunn Scarborough (Husband) and Sarah Ellen Scarborough (Wife) entered into a separation agreement which required Husband to pay Wife monthly child support in the amount of $1,000. On October 15, 2001, the trial court entered a final judgment and decree of divorce, incorporating the settlement agreement as requested by the parties. Neither the separation agreement nor the divorce decree addressed the receipt of future social security retirement benefits or any impact this receipt would have on child support obligations. On October 10, 2001, Husband turned 65 and began receiving retirement benefits under the Social Security Act. Wife correspondingly began receiving retirement benefits on behalf of the parties' children.[1] Thereafter, Husband unilaterally terminated his child support payments.

On February 11, 2005, Wife filed a petition for contempt, alleging that Husband was in arrears on child support payments. Husband responded by filing an answer and counterclaim in which he argued that he owed nothing because he was entitled to a credit for the social security retirement benefit payments being made to Wife for the benefit of the children. The trial court found that Husband was not entitled to a credit and ordered Husband to pay Wife his accumulated child support arrearage. This decision was in error.

In *Horton v. Horton*, 219 Ga. 177, 178 (132 SE2d 200) (1963), this Court recognized that a parent is generally entitled to a credit against his support obligation for social security disability payments paid for the benefit of a child because such payments "substitute for income." In support of the reasoning employed in *Horton*, we cited approvingly to *Cash v. Cash*, 234 Ark. 603, 607 (353 SW2d 348) (1962), which specifically holds that, like disability payments, retirement benefits received on behalf of a child should be credited against a non-custodial parent's child support obligation because "Social Security payments made by the Federal Government to the dependent [child] were earned in part by the [parent] himself." Both *Horton* and *Cash* recognize that a non-custodial parent should be entitled to a credit for

---

[1] The Social Security Act provides that a dependent child of a person who is entitled to Social Security benefits is also entitled to a monthly insurance benefit. See 42 USCA § 402 (d) (1).

benefits derived from his compelled contributions to the Social Security Program, which is specifically intended to enable him to meet his future obligations, whether "during a period of disability," as recognized in *Perteet v. Sumner*, 246 Ga. 182 (269 SE2d 453) (1980) (affirming trial court's finding that husband was entitled to a credit against his child support obligation for social security disability payments received by his children), or during retirement, as implicitly recognized in *Horton*, supra. In accordance with this applicable precedent, Husband is entitled to a credit in this case.

Nonetheless, Wife argues that Husband's retirement benefits should not be credited against his child support obligation because the parties intended that the expected receipt of future social security benefits would augment, not supplant, Husband's child support obligation. This contention proves to be untenable, however, given the absence of any reference to Husband's impending retirement benefits or the corresponding receipt of minors' benefits in the parties' separation agreement.

*Koch v. Martin*, 270 Ga. 419 (510 SE2d 520) (1999), does not change this result. In *Koch*, we held that child support obligations cannot be offset by pre-existing social security disability benefits paid for the benefit of dependent children where the non-custodial parent's disability and associated benefits were presently being paid on behalf of children at the time that the parties entered a settlement agreement and that agreement did not make any special provision regarding receipt of those disability payments. Id. Because social security benefits were already being paid at the time that the agreement was written, it was assumed that the parties had taken the presence of these current payments into account when they calculated the non-custodial parent's child support obligation. No such assumption can be made in this case, however. At the time of the settlement agreement, social security benefits were neither due nor payable, and, in the absence of a specific provision in the settlement agreement, it cannot be assumed either that the parties considered the future possibility of such payments or that Husband had decided to forego any right to a credit for payments not yet in existence.

We note that, consistent with this Court's prior approval of *Cash*, supra, the Georgia Legislature has recently enacted OCGA § 19-6-15 (f) (3) (A), which provides: "Benefits received under Title II of the federal Social Security Act by a child on the obligor's account shall be counted as child support payments and shall be applied against the final child support order to be paid by the obligor for the child." This statute simply codifies the state of the law on this subject as recognized in *Horton*.

Wife also contends that Husband was precluded from terminating his support obligation absent a motion for modification of the

parties' divorce decree. This contention is without merit, as this Court has previously determined that social security benefits can be credited to satisfy the support obligation without obtaining a modification of the original decree. See *Perteet*, supra, 246 Ga. at 183 (overruling *Kight v. Kight*, 242 Ga. 563 (250 SE2d 451) (1978) "to the extent that it suggests that the receipt of social security benefits cannot be credited to satisfy a child support obligation under the original decree").

In view of the foregoing, we deem erroneous the denial of a credit to the father as to the social security retirement payments received for the benefit of his children. Accordingly, the trial court's judgment must be reversed.

*Judgment reversed. All the Justices concur, except Hunstein, P. J., who concurs in the judgment only.*

DECIDED SEPTEMBER 24, 2007.

*Walters, Pujadas & Walker, Thomas E. Pujadas*, for appellant. *Kenneth E. Futch, Jr.*, for appellee.