THOMAS, J.:
**156 Michael Scott appeals the family court's order dismissing his outstanding child support arrearage that accumulated after the date he was deemed disabled by the Social Security Administration (SSA) and ordering him to pay his outstanding arrearage that accumulated before his disability. On appeal, Scott argues the family court erred because (1) the finding of disability by the SSA constituted a change in circumstances **157 necessary to stop, change, or modify the child support obligation; (2) the money awarded from the SSA should offset his child support obligations; and (3) it failed to properly keep and file documents submitted as evidence. We affirm.[1]
FACTS/PROCEDURAL HISTORY
In October 2011, the family court ordered Scott to pay $320 per month in child support. In February 2014, Scott sought a modification of his child support obligation and provided proof of a pending disability case with the SSA. The family court determined Scott's child support obligation would be reduced to approximately $66 per week. The enforcement of Scott's child support obligation was suspended for six months to determine his disability status.
*441 The SSA concluded Scott became disabled on September 26, 2013. It determined Scott was entitled to benefits of $1,069.40 per month beginning in March 2014. A cost-of-living adjustment increased Scott's monthly benefits to $1,087.50 in December 2014. Scott's child was also entitled to Social Security benefits and received a check for approximately $6,500 in past due benefits and an ongoing monthly check of $543.
In April 2015, Scott served the child's mother (Mother) and the South Carolina Department of Social Services (DSS) with an amended complaint. Scott argued (1) his child support obligation should be terminated because of a change in circumstances; (2) his child support arrearages should be "terminated in their entirety, or that any arrearage that accumulated after September 26, 2013[,] be terminated"; and (3) he should be given credit for any "social security payments made to the minor child from September 26, 2013[,] forward because of [his] disability, and that these payments be subtracted from any money [he] owe[d] in child support, including arrearages." Mother counterclaimed, requesting attorney's fees.
The family court found that Scott was required to pay the arrearage that accumulated before the date of his disability. The family court's order stated:
[T]he [c]ourt finds that [Scott] owes the outstanding arrearage as of September 26, 2013, that any part of the arrearage **158 that accumulated beyond that date is dismissed as the benefits that the [minor child] is receiving from Social Security are in lieu of [Scott]'s child support going forward and that [Scott] is to pay toward his arrearage that was in place as of September 26, 2013, at a rate of Seventy-Five Dollars ($75) per month due on first of the month thereafter to begin after this Order is clocked and filed with the [f]amily [c]ourt.
This appeal followed.
ISSUES ON APPEAL
1. Should a finding of disability by the SSA be a change in circumstances warranting the modification of a child support obligation in family court?
2. Is a disabled parent allowed to offset his or her child support obligation by the amount of money received by the child from the SSA on account of the disabled parent's disability?
3. Is the family court required to place and keep in the file every document submitted by the attorneys or parties as evidence or argument?
STANDARD OF REVIEW
"In appeals from the family court, [appellate courts] review[ ] factual and legal issues de novo." Simmons v. Simmons , 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." Lewis v. Lewis , 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) (footnote omitted). The burden is upon the appellant to convince the appellate court that the preponderance of the evidence is against the family court's findings. Id. "Stated differently, [de novo] review neither relieves an appellant of demonstrating error nor requires us to ignore the findings of the family court." Id. at 388-89, 709 S.E.2d at 654.
CHILD SUPPORT MODIFICATION
Scott argues the family court erred by increasing his child support obligation to $543 per month, the amount the child receives in derivative benefits. He contends the family **159 court failed to consider his disability as a change in circumstances, and his child support obligation should have been decreased rather than increased. We disagree.
"A family court has authority to modify the amount of a child support award upon a showing of a substantial or material change of circumstances." Miller v. Miller , 299 S.C. 307, 310, 384 S.E.2d 715, 716 (1989). This court has held a "disability constitutes a sufficient change in circumstances to warrant the modification of a child support award." Justice v. Scruggs , 286 S.C. 165, 167, 332 S.E.2d 106, 108 (Ct. App. 1985).
According to the family court's order, "the benefits that the [minor child] is receiving from Social Security are in lieu of [Scott's] child support going forward." Nothing *442 in the family court's order increases the amount of Scott's child support obligation. Instead, the family court's order indicates Scott was no longer required to pay his monthly child support obligation because the minor child was receiving monthly Social Security benefits greater than Scott's child support obligation. Although the SSA deemed Scott disabled, he still has an obligation to support his child. See Peebles v. Disher , 279 S.C. 611, 615, 310 S.E.2d 823, 825 (Ct. App. 1983) ("As long as a person remains a parent of a minor child, the parent's obligation to support the child continues."). Scott does, however, have the right to offset the monthly disability benefits against his monthly support obligation. See Justice , 286 S.C. at 166, 332 S.E.2d at 107 (holding "a parent is entitled to a credit on his child support payments for disability benefits paid for the support of the children" (emphasis added)). In the instant case, the disability benefits exceeded Scott's monthly child support obligation, and the family court properly found he was not required to pay any support in addition to the disability benefits. Therefore, we find the family court properly considered Scott's disability when determining his child support obligation and did not err by indicating the disability payments were in lieu of child support.
ARREARAGE
Scott contends he should receive credit toward his arrearage for any amount the child receives from Social Security that is in excess of Scott's existing child support obligation.
**160 Scott argues the child receives an overpayment of $261 per month and that amount should be credited toward his arrearage. Scott further asserts the family court erred by not reducing his $7,067.68 arrearage by the lump-sum payment of $6,515 the child received in past-due Social Security benefits. We disagree.
This court has held "a parent is entitled to credit on his child support payments for disability benefits paid for the support of the children." Justice , 286 S.C. at 166, 332 S.E.2d at 107 ; see also Ward v. Marturano , 302 S.C. 112, 114-15, 394 S.E.2d 16, 18 (Ct. App. 1990) (finding no error in the family court's decision "to credit [a father] with the amount of social security benefits received on behalf of the child").
Although South Carolina has clearly established that a parent should get credit for Social Security benefits paid to a minor child, the question of whether a child's excess Social Security benefits should be credited against a parent's arrearage is a question of first impression. We note many jurisdictions deem excess benefits a gratuity on behalf of the child. See Brown v. Brown , 849 N.E.2d 610, 616 (Ind. 2006) (holding a child's excess Social Security benefits cannot be credited against a parent's arrearages that have accumulated prior to the date the parent files a petition to modify the child support obligation); Matter of Marriage of Williams , 21 Kan.App.2d 453, 900 P.2d 860, 862 (1995) (holding the windfall of excess benefits "should 'inure not to the defaulting husband's benefit, but to his bereft children' " (quoting Kirwan v. Kirwan , 606 So.2d 771, 772 (Fla. Dist. Ct. App. 1992) )); Keith v. Purvis , 982 So.2d 1033, 1036 (Miss. Ct. App. 2008) ("[W]e find that [Father] is entitled neither to credit any excess amounts against future support obligations nor to reimbursement for overpayment of his support obligations."); Weaks v. Weaks , 821 S.W.2d 503, 507 (Mo. 1991) ("Any excess is deemed a gratuity to the extent that it exceeds the amount of support mandated by the decree."); In re Marriage of Cowan , 279 Mont. 491, 928 P.2d 214, 221 (1996) (noting "the majority of jurisdictions faced with this issue have not allowed the application of excess benefits to reduce arrearages" and adopting a consistent rule); Gress v. Gress , 257 Neb. 112, 596 N.W.2d 8, 14 (1999) ("Equitable considerations lead us to allow excess Social Security dependency benefits to be credited against child support arrearage **161 which has accrued from the date of the occurrence which entitled the parent to such benefits, unless the allowance of such credit, in the particular case, would be inequitable."); Children & Youth Servs. of Allegheny Cty. v. Chorgo , 341 Pa.Super. 512, 491 A.2d 1374, 1379 (1985) ("We do not hesitate in declaring unequivocally that, when support payments are not made prior to the start of disability or retirement, [ ] any excess in the benefits over the amount needed for current *443 support cannot be applied to those arrearages.")
We agree with these jurisdictions and hold it is proper for the date of disability to be used for the purposes of establishing when Social Security benefits may be utilized as a substitute for income. See Justice , 286 S.C. at 166-67, 332 S.E.2d at 107-08 (finding Social Security payments substitute for a parent's income in satisfying a child support obligation). Requiring a parent to pay pre-disability arrears merely puts the minor child in the financial position they would have been in if the parent paid the proper amount of support prior to becoming disabled. This rule properly focuses "on the importance of meeting the current needs of children, thereby protecting their right to regular and uninterrupted support." Newman v. Newman , 451 N.W.2d 843, 844 (Iowa 1990). Further, we agree with the Mississippi Court of Appeals that "[t]o hold otherwise would create an incentive for a non-custodial parent to withhold support payments in the hope or expectation that a future receipt of disability benefits by the child would later satisfy those obligations." Keith , 982 So.2d at 1037. Therefore, the family court properly credited Scott for the lump-sum payment when it dismissed all of his arrearage that accumulated after September 26, 2013-the date he was deemed disabled. We find no error in the family court's refusal to apply the child's excess Social Security benefits to Scott's pre-disability arrearage or the family court's order requiring Scott to repay the arrearage at $75 per month.
MISSING DOCUMENTS
Scott claims that, when he was preparing for his appeal, he requested a complete file of his case from the clerk's office but two documents were missing from his file. This argument is not preserved for our review. Scott did not raise the issue of the clerk's office failing to maintain his file to **162 the family court. See Pye v. Estate of Fox , 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved."). Further, we do not consider this issue because Scott was not aggrieved by any decision or order of the family court. See Rule 201(b), SCACR ("Only a party aggrieved by an order, judgment, sentence[,] or decision may appeal.").
CONCLUSION
For the foregoing reasons, the family court's order is
AFFIRMED.
WILLIAMS and MCDONALD, JJ., concur.

We decide this case without oral argument pursuant to Rule 215, SCACR.