57601. ANDERSON et al. v. FIRST NATIONAL BANK
OF ATLANTA .et al.

UNDERWOOD, Judge.

Gordon O'Kelley was convicted of murdering his wife and mother-in-law and was sentenced to two consecutive life sentences. The appellants who are immediate family members of the deceased women brought a civil suit against O'Kelley and obtained a judgment of $32,500. The judgment has not been satisfied, but O'Kelley receives monthly social security benefits based upon his physical disability. Due to his incarceration, O'Kelley's social security checks are mailed to the First National Bank of Atlanta where they are deposited in O'Kelley's account upon which account O'Kelley has authorized his sister to write checks.

The appellants initiated a garnishment proceeding against the bank seeking to obtain the funds in O'Kelley's account in satisfaction of their judgment. The bank answered the summons of garnishment acknowledging the balance in the account, but took the position that the funds in the joint account, being proceeds of social security payments, are exempt from garnishment by Federal law. The appellants traversed the bank's answer and the trial court ruled the funds in O'Kelley's account are exempt from garnishment. The issue presented by this appeal is whether the funds in O'Kelley's account lose their character as social security funds and their immunity to garnishment because the account is a joint one upon which his sister is authorized to make withdrawals.

Subchapter II of the Social Security Act, 42 USC 452,

§ 407, provides in pertinent part, that: "The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under the subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law." Code Ann. § 41A-3803 (a) provides that "A joint account belongs, during the lifetime of all parties, to the parties in proportion to the net contributions of each to the sums on deposit, unless there is clear and convincing evidence of a different intent."

It is clear in these circumstances that the contributions to the subject account are made by O'Kelley and that the funds in the account belong to him. There is no "clear and convincing evidence of a different intent" in the record before us.

The cases cited by appellants, namely, Philpott v. Essex County Welfare Board, 409 U. S. 413 (93 SC 590, 34 LE2d 608) (1913); Porter v. Aetna Casualty & Surety Co., 370 U. S. 159 (82 SC 1231, 8 LE2d 407) (1962); and Lawrence v. Shaw, 300 U. S. 245 (57 SC 443, 81 LE 623) (1937) all reach a conclusion contrary to the position contended for by appellants in this appeal. As stated by appellants in their brief, the distinguishing test between "moneys paid" and "permanent investments" is how readily the funds on deposit are withdrawable. In the instant case, O'Kelley could withdraw all funds immediately simply by writing a check for the amount of the account. In Philpott, supra, p. 416, the Supreme Court of the United States stated that "[i]n the present case, as in Porter, the funds on deposit were readily withdrawable and retained the quality of 'moneys' within the purview of § 407." The court also concluded that "it [§ 407] imposes a broad bar against the use of any legal process to reach all social security benefits. That is broad enough to include all claimants, including a State." p.417

We find the funds in O'Kelley's account under these facts to be social security "moneys paid" which are subject to withdrawal by O'Kelley and are exempt from garnishment pursuant to 42 USC 452, § 407. Accordingly, the trial court did not err in overruling and denying

appellant's traverse.

*Judgment affirmed. Banke, Acting P. J., and Carley, J., concur.*

<small>Argued April 9, 1979 — Decided September 4, 1979 — Rehearing denied October 2, 1979.</small>

*Eugene Novy, Gary Trachten,* for appellants.
*Bates Block, Dorothy W. Atkins,* for appellees.

<small>On Motion for Rehearing.</small>

On motion for rehearing appellants insist that we have misconstrued and misapplied 42 USC 452, § 407 by failing to give proper consideration to the fact that O'Kelley is incarcerated and therefore his support and maintenance are provided by the state. We find nothing in the statute nor any case interpreting it which supports the creation of an exception to the anti-garnishment feature of 42 USC § 407 when the recipient is incarcerated and has his daily living needs provided by the state. Appellants have directed our attention to Cartledge v. Miller, 457 FSupp. 1146 (1978) and urged us to follow the reasoning of that case. In Cartledge the court found an "implied exception" to the anti-assignment provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") for family support payments mandated by a state court. We are unable to bring within the bounds of the Cartledge rationale the instant case involving satisfaction of a judgment in a wrongful death action. We are not indifferent to the personal and policy implications of precluding social security benefits from garnishment in circumstances such as we have here, but for this court to provide the relief requested would amount to a drastic reformation of the statute which clearly is beyond our authority.

*Motion for rehearing denied.*