VERONICA KEETER BREVARD v. DAVID HAROLD BREVARD

No. 8429DC891

(Filed 7 May 1985)

**Divorce and Alimony § 24; Social Security and Public Welfare § 1— Social Security benefits for children—payment to father—no authority to order payment to mother**

> Where the children of the parties became eligible to receive Social Security benefits when defendant father became disabled, and the Social Security Administration paid such benefits to the father on behalf of the children, the courts of North Carolina did not have the authority to order the Social Security Administration and the defendant to pay those benefits directly to plaintiff mother who has custody of the children. Nor do such courts have the authority to require defendant to account for the Social Security benefits paid to him on behalf of the children.

APPEAL by defendant from *Greenlee, Judge.* Judgment entered 28 June 1984 in District Court, HENDERSON County. Heard in the Court of Appeals 16 April 1985.

The plaintiff, Veronica Brevard, and the defendant, David Brevard, married on 4 November 1972. Two children were born to the marriage: David Rusty Brevard, born on 23 October 1973, and Tracy Paul Brevard, born on 14 September 1974. The Brevards' marriage deteriorated, and they separated on 5 November 1980.

The Brevards entered into a separation agreement on 13 November 1980. This agreement provided that plaintiff would have custody of the children and that defendant would be entitled to visitation at certain specified times. The agreement also provided that defendant would pay for the children's medical and health insurance, medical expenses, and clothing.

Sometime after the execution of the separation agreement, the defendant became paralyzed. Due to his disability, his children became eligible for benefits under the federal Social Security Act.

On 31 March 1982, a judgment of absolute divorce was entered on grounds of one-year separation, dissolving the parties' marriage. This judgment awarded custody of the two children to plaintiff, subject to defendant's visitation rights. The judgment also "ordered and/or requested" the Social Security Administration (SSA) of the United States Department of Health, Education and Welfare to send the children's Social Security checks, payable due to defendant's disability, directly to plaintiff for use in supporting the children.

The SSA did not make the children's checks payable directly to the plaintiff. Rather, defendant continued to receive the checks. From 30 March 1982 until June of 1984, defendant received $10,301.20 in Social Security benefits. During this same period, defendant spent $98.67 for the children's medical expenses and paid plaintiff seventy weekly payments of $70 each pursuant to a child support order of 6 December 1982.

On 9 August 1982, plaintiff made a motion for an accounting by defendant of the amounts received by him from the SSA on behalf of the children. Defendant objected to the jurisdiction of the court. The court ruled that it had jurisdiction, and defendant gave notice of appeal, but failed to perfect that appeal.

The district court held a hearing on plaintiff's motion for an accounting, and entered a judgment on 28 June 1984, ordering defendant to pay into the court $5,302.53, the difference between the total amount received from the SSA on the children's behalf since 30 March 1982 and the amount expended for the children's medical expenses and paid to plaintiff pursuant to the court order of 6 December 1982. The court also ruled that any and all sums

received for the use and benefit of the children as a result of defendant's disability should be transferred to plaintiff as support for the minor children.

At the hearing, the district court ruled inadmissible as self-serving hearsay a letter from the SSA, explaining that the SSA had decided to pay the checks to the children's father, rather than to their mother, and that under federal law these sums were not subject to legal process.

The defendant now appeals the order and the district court's ruling on the letter from the SSA.

*Jack H. Potts for plaintiff appellee.*

*Waymon L. Morris for defendant appellant.*

ARNOLD, Judge.

This case concerns the question of whether a North Carolina district court properly ordered the Social Security Administration (SSA) and the defendant, a representative payee receiving Social Security disability payments for the benefit of his children, to pay those benefits directly to the plaintiff. The plaintiff and defendant are divorced, and the plaintiff, the children's mother, has custody of the children.

The case reaches us as an appeal from an order of 28 June 1984, which followed a motion by the plaintiff for an accounting of the benefits defendant had received on the children's behalf from the SSA. In this order, the district judge found:

> That by order of the Honorable Zoro J. Guice, Jr., District Court Judge, dated March 31, 1982, the United States Department of Health, Education and Welfare, Social Security Administration is hereby ordered and/or requested to send the children's Social Security checks, payable due to Mr. Brevard's physical disability, directly to the plaintiff for use in supporting the children born of the marriage.

The district court found further that the defendant failed to perfect an appeal of an order denying his objection to the court's jurisdiction. The court concluded that this matter was properly before it for an accounting.

The district court found that the defendant is indebted to plaintiff for the difference between the Social Security benefits received from 30 March 1982 and the amount defendant paid for the children's medical bills and paid into court pursuant to a child support order (of 6 December 1982). The defendant received $10,301.20 in benefits, spent $98.67 on the children's medical bills, and $4,900 for the use and benefit of the children pursuant to the court order. The amount found due, then, was $5,302.53.

The district court also found that defendant's mother, who acted as custodian of the Social Security funds, testified that the sums received had all been spent for the use and benefit of the children except for $2,000 she had used to reimburse herself for funds she previously had spent on the children when they were residing with her.

The court concluded that the defendant should pay into court the $5,302.53 due, which would be disbursed to the plaintiff for the use and benefit of the children, and concluded also that "any and all sums received for the use and benefit of the children as a result of the defendant's disability be transferred to the plaintiff as support for the minor children."

Both the order of 28 June 1984 and that of 31 March 1982 assume that the district court has the power to order the SSA and the defendant to transfer Social Security benefits to the plaintiff. In this case, we believe that this is an erroneous assumption, one crucial to the disposition of this case.

In general, Social Security benefits are neither assignable nor subject to legal process. 42 U.S.C. 407; *Philpott v. Essex County Welfare Board*, 409 U.S. 413, 93 S.Ct. 590, 34 L.Ed. 2d 608 (1973). Yet, Congress has enacted an exception to this general bar in the case of Social Security benefits paid to individuals obligated to provide alimony or child support. *See* 42 U.S.C. § 659; 20 CFR § 404.1820(b) (1984).

In the present case, although the entitlement to benefits is determined in part upon their father's disabled status, the children and not the father are entitled to the funds. They are the beneficiaries, while the father is the representative payee. The exception to 42 U.S.C. § 407 does not apply to the present case, because the children are not individuals obligated to pay child

support under state law. *Hennagin v. County of Yolo*, 481 F. Supp. 923, 924 (E.D. Cal. 1979). The district court thus had no power to order on 31 March 1982 that the SSA pay the children's benefits to someone other than their father, who had been designated the representative payee.

We note two other defects in that order: (1) at that point, even if he had been the beneficiary, the defendant had not been subjected to a child support order, and so 42 U.S.C. § 659 had not come into play, and (2) the district court had not acquired jurisdiction over the SSA by making it a party to the action.

In its order of 28 June 1984, the district court therefore erred to the extent it relied upon the 31 March 1982 order to the SSA to transfer benefits to plaintiff. Further, the district court had no power in its 28 June 1984 judgment to order the defendant to pay over to the court or to plaintiff any part of the Social Security benefits he had received, or might receive in the future, as payee for the children. 42 U.S.C. 407 applies not only to funds in the hands of the SSA, which have not yet been paid out, but also to funds that have been disbursed. *See* 42 U.S.C. 407(a) ("none of the moneys *paid or payable* or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process . . . ." (emphasis added) ); *Anderson v. First National Bank of Atlanta*, 151 Ga. App. 573, 260 S.E. 2d 501 (1979) (involving attempted garnishment of bank account containing Social Security funds).

In enacting Title 42, Chapter 7, Congress provided that the use or misuse of federal Social Security benefits would be a federal matter, entrusted primarily to the SSA. It created an exception in the case of a beneficiary obligated to pay alimony or child support, but that does not apply in this case, where the beneficiaries are the children and the benefits were not made subject to a child support order. The SSA is responsible to see that defendant is spending the disability payments for the children's benefit. Plaintiff may have an administrative remedy, through petitioning the SSA to remove defendant as representative payee or to conduct an inquiry into his use of the children's funds. *See 20* C.F.R. 404.2001 *et seq.; see also* 18 U.S.C. § 641 (which the SSA might invoke if defendant has misused federal moneys). The courts of North Carolina, however, do not possess the power to compel the

SSA to transfer the children's benefits to someone other than the designated payee, nor do they have the power to determine that defendant is misusing Social Security benefits paid to him on behalf of the children and to direct that he account for them to some other person.

This is not to say, however, that the courts of North Carolina may not enter a child support order after making the findings required under our statutes, and hold the defendant responsible to pay the amount he has been found capable of paying. This the district court properly did in its order of 6 December 1982.

We see no need to reach defendant's other assignments of error.

The order of 28 June 1984 is vacated; the order of 31 March 1982 is vacated insofar as it orders the SSA to pay Social Security checks directly to plaintiff.

Vacated.

Judges PHILLIPS and COZORT concur.