Jean ORR, Petitioner–Appellant,

v.

Eddie ORR, Defendant–Appellee.

Court of Appeals of Tennessee, Eastern Section.

Sept. 22, 1993.

Permission to Appeal Denied by Supreme Court Feb. 22, 1994.

Janet S. Gurwitch, Knoxville, for petitioner-appellant.

## OPINION

FRANKS, Judge.

In this dispute over child support, the underlying facts are undisputed. The parties divorced in 1989 and the dissolution agreement approved by the Trial Judge set child support for the parties' one child at $75.00 per week. On April 27, 1990, the father suffered a heart attack and became disabled. His required support payments were made until August 1992, when the Social Security Administration began to pay disability payments to the child's mother on the child's behalf. A lump sum in the amount of $6,521.00 for the interim period between April of 1990, and August of 1992 was paid, plus the onset of monthly payments of $239.00 per month.

The father asked the Court to reduce child support to the amount of monthly Social Security disability payment and for credit against the lump sum paid to the child. As a result of the Trial Court's order, there was a reduction of child support payments to the amount of the monthly disability check, and a credit to the father against the lump sum for an $83.00 arrearage that accrued between the time he stopped making support payments and the date the application was made to reduce the monthly support. The balance of the lump sum of $6,438.00 was ordered held in trust for the child subject to credit against the father's future support obligations, should he become able to work during the child's minority. The mother appealed.

The mother insists that the father is not entitled to use the lump sum as a credit against future support obligation, citing *Brevard v. Brevard*, 74 N.C.App. 484, 328 S.E.2d 789 (1985). *Brevard* turned on whether a state court has the power to order a federal agency to pay child support directly to the custodial parent and not to the disabled obligor parent, and does not govern the issue before this Court.

Social Security disability benefit payments paid to the custodial parent may be credited against the disabled parent's support obligation. Analogous cases involving armed forces benefits and disabled veterans benefits are found in *Kipping v. Kipping*, 186 Tenn. 247, 209 S.W.2d 27 (1948) and *Freshour v. Aumack*, 567 S.W.2d 176 (Tenn.App.1977). This is in accord with the majority view from other jurisdictions. *See e.g., Horton v. Horton*, 219 Ga. 177, 132 S.E.2d 200 (1963). *Also see* 77 ALR 3d 1315, § 5a. This includes credit for the interim period between the time of the onset of the disability and the time when monthly payments commence. *See Potts v. Potts*, 240 N.W.2d 680 (Iowa 1976).

The appellant has effectively received two payments for the interim period, the lump sum and the child support payments made by the father during that time. The father did not seek reimbursement, but only assurance that he will be entitled to a credit for the lump sum amount, should he be required to resume child support payments. The record reveals that the credit against the lump sum should be $183.00, not $83.00 as ordered. Accordingly, the cause is affirmed as modified and remanded with the costs of the appeal assessed to appellant.

SANDERS, P.J. (E.S.), concurs.

GODDARD, J., not participating.