### In the Matter of James Ellis CAPPS and Sharon Kay Capps, Debtors.

#### No. BK00–40151.

United States Bankruptcy Court, D. Nebraska.

July 3, 2000.

---

74

Richard Gee, Grand Island, NE, for Debtor.

Matthew Maser, Omaha, NE, for Five Points Bank.

John Wolf, Grand Island, NE, Chapter 7 Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In this contested matter, the bankruptcy debtors seek an order requiring their bank to turnover social security proceeds that were setoff before this bankruptcy case was commenced. The debtors' motion for turnover is sustained.[1]

## FACTS

On September 8, 1997, the debtor, Sharon Kay Capps, executed a promissory note and security agreement in favor of Five Points Bank (the "Bank"). The note, *inter alia*, granted the Bank a security interest in and a right to setoff against Ms. Capps' bank accounts in the event of default. Ms. Capps defaulted on the promissory note, and on January 3, 2000, the Bank exercised its rights of setoff. The Bank applied the sum of $962 from the debtors' bank account against the outstanding bal-

---

1. An action to avoid a pre-petition setoff requires commencement of an adversary proceeding. Because there was no dispute as to material fact this matter has proceeded as a contested matter. I stated at the preliminary hearing that if the anti-alienation provisions of the Social Security Act did not bar the setoff, it would be necessary for the debtor to commence a formal adversary proceeding.

ance on the note. At the time the Bank exercised its right to setoff, the account held social security proceeds that were not commingled with any other funds. On January 28, 2000, the debtors filed this Chapter 7 bankruptcy case.

The debtors assert the setoff is improper because the funds in the debtors' account were proceeds from social security benefit payments, protected from attachment under the anti-alienation provisions of the Social Security Act. The Bank argues that before this bankruptcy case was commenced, the funds were properly setoff from debtors' bank account under the terms of the note. Although the note contained general language permitting setoff, it did not contain explicit language waiving the exemption for social security proceeds under 42 U.S.C. § 407. The enforceability of such a waiver is not before the Court.

### DISCUSSION

Under the Social Security Act, social security benefit payments are not transferrable or assignable, and are free from execution, levy, attachment, garnishment, other legal process, or operation of bankruptcy and insolvency laws. 42 U.S.C. § 407(a). Section 407 "imposes a broad bar against the use of any legal process to reach all social security benefits." *Philpott v. Essex County Welfare Bd.*, 409 U.S. 413, 417, 93 S.Ct. 590, 592, 34 L.Ed.2d 608 (1973). This protection extends to benefit payments on deposit that are readily withdrawable. *Id.* at 416, 93 S.Ct. at 592. Extrajudicial, self-help methods of collecting debts, such as setoff, violate the anti-alienation provisions of § 407. Section 407(a) of the Social Security Act provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

42 U.S.C. § 407(a). As stated by the Supreme Court in *Philpott:*

> On its face, the Social Security Act in § 407 bars the [creditor] from reaching the federal disability payments paid to Wilkes.

*Id.* at 415, 93 S.Ct. at 592.

The Bank refers the Court to judicial decisions which hold that a Bank's right to setoff is not a "legal procedure" proscribed by 11 U.S.C. § 407. *See Frazier v. Marine Midland Bank, N.A.*, 702 F.Supp. 1000 (W.D.N.Y.1988) (setoff of bank account containing social security funds authorized under an installment sales contract did not violate § 407); *In re Gillespie*, 41 B.R. 810 (Bankr.D.Colo.1984) (bank's pre-bankruptcy setoff was not "legal process" and therefore did not violate § 407). I respectfully disagree with those decisions.

The language of the statute is clear that "... none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution,..." 42 U.S.C. § 407(a). In interpreting federal benefit statutory schemes, the Supreme Court has directed that

> ... legislation of this type should be liberally construed...to protect funds granted by the Congress for the maintenance and support of the beneficiaries thereof,...[D]eposits such as are involved here should remain inviolate.

*Porter v. Aetna Cas. & Sur. Co.*, 370 U.S. 159, 162, 82 S.Ct. 1231, 1233, 8 L.Ed.2d 407 (1962). *See also Philpott* at 416, 93 S.Ct. at 592 (analogy to veterans benefits exemptions reviewed in *Porter* should be applied to social security benefits).

I conclude that the exercise of the nonjudicial remedy of a setoff is a "legal procedure" proscribed by § 407. *See Tom v. First American Credit Union*, 151 F.3d 1289 (10th Cir.1998) (no reason why Congress would protect social security beneficiaries from creditors who utilize the judi-

cial system rather than self-help, extra-judicial methods), *Matter of Vary's Estate,* 401 Mich. 340, 258 N.W.2d 11 (1977), and *Anderson v. First Nat. Bank of Atlanta,* 151 Ga.App. 573, 260 S.E.2d 501 (1979).

■ It was not legal for the Bank to effectuate a setoff, and the Bank remains indebted to the bankruptcy debtors in the amount of $962. Accordingly, the debtors' motion for turnover should be sustained.